**In re Oliver L. NORTH (Teicher Fee Application).**

No. 86–6.

United States Court of Appeals, District of Columbia Circuit.

March 10, 1995.

Before: SENTELLE, Presiding, BUTZNER and FAY, Senior Circuit Judges.

Opinion for the court filed PER CURIAM.

PER CURIAM:

Howard Teicher, a former member of the National Security Council, seeks reimbursement of $6,810 for attorneys' fees incurred during Independent Counsel Lawrence Walsh's investigation of the Iran/Contra affair. For the reasons set forth below, we grant his fee application in part.

I

The Ethics in Government Act allows an individual to petition this court for attorneys' fees incurred as a result of the independent counsel's activity. To recover fees under the Act, an applicant must show that: (1) he was the subject of an independent counsel's investigation; (2) he was not indicted; (3) the fees would not have been incurred but for the requirements of the Act; and (4) the fees requested are reasonable. 28 U.S.C. § 593(f)(1); *In Re North (Dutton Fee Application)*, 11 F.3d 1075 (D.C.Cir. 1993).

To qualify as a subject under the Act, an individual must show that his conduct was "within the scope of the grand jury investigation, in the sense that the grand jury was examining conduct of his in a way that would lead a reasonably counseled person at the time of incurring the fees to believe that there was a realistic possibility that he would become a defendant." *Dutton,* 11 F.3d at 1079. We emphasized in *Dutton* that the individual must reasonably appear to be a "potential defendant" and that a status of mere witness is insufficient to establish that one is a subject. 11 F.3d at 1078.

II

Teicher contends that his role in the events leading to the independent counsel's investigation made it reasonable for him to retain counsel. As a member of the National Security Council staff during President Reagan's administration, he traveled to Iran in May 1986 with Oliver North, Robert McFar-

lane, and others at the direction of then National Security Adviser John Poindexter. He attended a meeting with North, McFarlane, and Poindexter in November 1986 at which the diversion of funds to the Contras was discussed. Teicher also asserts that, when the public first learned of the sales of weapons to Iran and subsequent diversion of funds to the Contras, some officials in the White House and executive agencies laid the blame on the National Security Council, and on Teicher in particular.

While the final report of the independent counsel does not support Teicher's last assertion, we conclude that, at least at the beginning of the independent counsel's investigation, Teicher reasonably expected to become a criminal defendant. In early 1988 McFarlane pleaded guilty to an information charging four counts of withholding information from Congress. Shortly after that the independent counsel obtained indictments against North and Poindexter and aggressively prosecuted them. Teicher had worked closely with all three in implementing the Iran initiative. Moreover, he was close to North during the time North destroyed documents relating to the arms initiative.

Additionally, we note that the indictment in *United States v. Poindexter* specifically alleged a conspiracy among the defendants, together with others known and unknown to the grand jury, to defraud the United States. In addition to conspiracy, the indictment ascribed to the defendants acts of theft of government property; wire fraud; obstruction of Congress; false statements; falsification, destruction and removal of documents; offer, payment and receipt of gratuities; obstruction of justice; and conversion of property of another by a government official.

Unindicted coconspirators would have been subjects of investigations into one or more of these crimes. Given his position and activities during the Iran/Contra affair, we find that Teicher was a subject of investigation by the independent counsel.

### III

■ The duration of Teicher's subject status, however, remains unclear. Teicher as-

serts that he was a subject from the time Independent Counsel Walsh was appointed in December 1986 to the end of the trials of Oliver North and John Poindexter in April 1990. The period for which Teicher seeks fees runs from April 30, 1987, through December 1988.

We agree with the Department of Justice that Teicher has failed to carry his burden of showing that he incurred all the requested fees while he was a subject, and not merely a witness. With a few exceptions, neither his petition nor his billing statements show that his fees were incurred in defense to the independent counsel's investigation. The independent counsel cites grand jury testimony by Teicher on June 24, 1987. Teicher's application mentions that he appeared before the grand jury. But the application fails to discuss this appearance or mention any other specific appearances, proceedings, or interviews in which Teicher participated and during which Teicher should reasonably have retained counsel.

According to the billing statements, Teicher incurred $2,750 in fees between April 30, 1987 and his grand jury appearance on June 24, 1987. If Teicher was a subject, as we found above, it was during the initial stages of the independent counsel's investigation. For this reason we allow most of the fees incurred up to and during Teicher's grand jury appearance.

We do not allow $150 incurred for "hearing testimony" on June 8, 1987 because no description of any hearing appears in Teicher's application. We disallow all fees and expenses incurred after Teicher's grand jury testimony, on the grounds that Teicher has failed to show either that the fees were incurred while he was a subject or that they were reasonably related to a defense to the independent counsel's investigation. *See In Re Donovan,* 877 F.2d 982, 993 (D.C.Cir. 1989).

### IV

■ Teicher must show that he would not have incurred the fees but for the requirements of the independent counsel law, and that his attorney's hourly rates are reason-

able. 28 U.S.C. § 593(f)(1). Teicher has satisfied the but for requirement. Any investigation of Teicher necessarily arose because of his involvement in the Iran initiative with North, McFarlane, and Poindexter. The Poindexter indictment charged conspiracy to circumvent the Boland Amendments, which executive branch officials would not have considered a violation of criminal law. *See Dutton,* 11 F.3d at 1080–81. Teicher would not have been investigated but for the requirements of the independent counsel law.

We find that Teicher's attorney's rate of $200 per hour was a reasonable rate for legal services in 1987. We authorize reimbursement of $2,600 and disallow the remaining $4,210.